UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**IN ADMIRALTY**

DYNAMIC CONTAINER LINE,
TOLL GLOBAL FORWARDING (CHINA)
LIMITED, TOLL GLOBAL FORWARDING
(HONG KONG) LIMITED,

              Plaintiffs,              Case No.:_____

v.

SURF 9, LLC,

              Defendant.
---------------------------------------------------------------/

**<u>COMPLAINT</u>**

Plaintiffs, DYNAMIC CONTAINER LINE, TOLL GLOBAL FORWARDING (CHINA) LIMITED, and TOLL GLOBAL FORWARDING (HONG KONG) LIMITED (hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned attorneys, file their Complaint against the Defendant, SURF 9, LLC (hereinafter "Surf 9" or "Defendant") and allege, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.      At all times material to this action, Plaintiff DYNAMIC CONTAINER LINE (hereinafter "DCL") was, and still is, a foreign corporation, or other business entity organized and existing under the laws of the British Virgin Islands.

3.     At all times material to this action, Plaintiff TOLL GLOBAL FORWARDING (CHINA) LIMITED ("TGF China") was, and still is, a foreign corporation, or other business entity organized and existing under the laws of the People's Republic of China.

4.     At all times material to this action, Plaintiff TOLL GLOBAL FORWARDING (HONG KONG) LIMITED ("TGF Hong Kong") was, and still is, a foreign corporation, or other business entity organized and existing under the laws of Hong Kong.

5.     Upon information and belief, Defendant was, and still is, a corporation, or other business entity organized and existing under the laws of the state of Florida with a principal place of business located at 16120 San Carlos Blvd., Unit 9, Fort Myers, FL 33908.

6.     At all times material to this action, Plaintiff DCL was, and is, a company engaged in the shipment and/or transportation of goods by sea, and Defendants TGF China and TGF Hong Kong were, and are, its agents.

7.     At all times material to this action, Defendant was the consignee and/or purchaser of six shipments of footwear carried by Ocean by DCL, and its agents TGF China and TGF Hong Kong, on behalf of various sellers/shippers from the People's Republic of China to Long Beach and Los Angeles, California pursuant to the following bills of lading: XMN090511, XMN090519, XMN090504, XMN090513, NGBU0904069 and XMN090308C.

<u>COUNT I</u>

8.     The Plaintiffs incorporate by reference the above paragraphs numbered 1 through 7 of the Complaint as if fully restated herein and further states as follows:

9.     In November 2008 and February 2009 Defendant placed several purchase orders for footwear with non-party, Putian Hengwei Trading Co. Ltd. ("Hengwei"), which were to be shipped from Xiamen, PRC to Los Angeles.

10.     In May of 2009, in furtherance of its purchase orders with Defendant, Hengwei consigned a shipment of footwear to DCL, via its agent Dragon Logistics (Xiamen) Co. ("Dragon Logistics"), to be shipped from Xiamen, PRC to Defendant at Los Angeles.

11.     The cargo was loaded on the designated vessel and two bills of ladings were issued to Hengwei bearing numbers XMN090511 and XMN090519.

12.      On both bills of lading Defendant was listed as the Consignee and/or Notify Party.

13.     The bill of lading number  XMN090511 further indicates that it was "Signed on Behalf of The Carrier Dynamic Container Line Ltd.", while the bill of lading no. XMN090519 further indicates that it was issued by Dragon Logistics "as agent for the carrier Dynamic Container Line."

14.     Upon arrival of the cargo at the designated destination, Defendant issued a Letter of Indemnity ("LOI") to DCL's agents, "Toll Global Forwarding / Baltrans Ocean Inc.", i.e. TGF Hong Kong and/or TGF China and DCL's agent in the U.S. namely Baltrans Ocean Inc (USA), providing that Defendant would indemnify them for any claims raised against them in relation to the cargo carried under bills of lading XMN090511 and XMN090519, including claims for non-payment.

15.     Plaintiffs released the cargo carried under bills of lading XMN090511 and XMN090519 to Defendant upon receipt to the LOI.

16.     However, upon information and belief, Defendant failed to pay Hengwei the amounts due for the goods carried under bills of lading XMN090511 and XMN090519.

17.     As a direct result, on February 1, 2010, Hengwei filed an action against Dragon Logistics, TGF Hong Kong and TGF China in the Xiamen Court of the PRC for allegedly releasing the cargo without presentation of the original bills of lading and seeking to recover those amounts

outstanding from Defendant for the subject shipments carried under bills of lading XMN090511 and XMN090519.

18.     Plaintiffs demanded that Defendant pay Hengwei for the amounts claimed, however, despite due demand, and in breach of the LOI, Defendant failed to pay Hengwei's claim.

19.     Plaintiffs and Defendant then entered into an agreement by which it was agreed that Defendant would pay Hengwei the full amounts owed to Hengwei for the cargo carried under bills of lading XMN090511 and XMN090519 by June 18, 2010.

20.     Defendant further agreed that if payment was not made to Hengwei and/or the other shippers/sellers before June 18, 2010, it would indemnify DCL, TGF China, and/or TGF Hong Kong, for all damages incurred in relation the sellers/shippers' respective recovery efforts including, but not limited to, legal fees and expenses incurred in relation any recovery effects against DCL, TGF China, and/or TGF Hong Kong, in relation to the cargo carried under bills of lading XMN090511 and XMN090519.

21.     In breach of the LOI and/or agreement, Defendant failed to pay the amounts due to Hengwei by June 18, 2010.

22.     TGF Hong Kong subsequently paid Hengwei $37,046.20 in full and final settlement of Hengwei's claims inclusive of Court fees of RMB2,865 ($423.25), for which Defendant was, and is, liable.

23.     As a result of Defendant's breach of the agreement, LOI and/or its tortious actions, Plaintiffs have suffered and/or will suffer damages and/or other losses including, but not limited to the amount paid to settle Hengwei's claims in relation to the cargo moving under bills of lading XMN090511 and XMN090519, $37,046.20, interest on that amount, and the attorney's fees and costs incurred in relation to the Chinese action filed by Hengwei and the instant recovery action.

4

24.     Defendant is liable to Plaintiffs for all damages incurred or to be incurred in relation to the defense of Hengwei's recovery efforts including, but not limited to, legal fees and expenses incurred in relation to the defense of Hengwei's recovery efforts against Plaintiffs in relation to the cargo carried which.  Defendant is also liable for all legal fees and costs incurred by Plaintiffs in seeking recovery of the above sums from Defendant.  As best as can presently be calculated, Plaintiffs claim damages against the Defendant in an amount not less than $45,047.79 (Hong Kong $350,422.29), which damages are likely to increase.

**WHEREFORE,** the Plaintiffs demand judgment against Defendant for all damages incurred by the Plaintiffs, in the amount of $37,046.20 plus attorneys' fees, interests, costs, and for such further relief as this Court deems proper.

## COUNT II

25.     The Plaintiffs incorporate by reference the above paragraphs numbered 1 through 7 of the Complaint as if fully restated herein and further states as follows:

26.     In early 2009, Defendant placed purchase orders for footwear with non-party, Xiamen Wellink Import & Export Co, Ltd. ("Xiamen Wellink), which were to be shipped from Xiamen, PRC to Long Beach, California.

27.     In May of 2009, in furtherance of Defendant's purchase orders under invoice numbers HL09DW008 and HL09DW008-1, Xiamen Wellink consigned a shipment of footwear to DCL, via DCL's agent Dragon Logistics (Xiamen) Co., to be shipped from Xiamen, PRC to Defendant at Long Beach, California.

28.     The cargo was loaded on the designated vessel and a bill of lading was issued bearing number XMN090504.

29.      On the bill of lading, Defendant was listed as the Notify Party and/or Consignee.

30. Upon arrival of the cargo at the designated destination, Defendant issued a Letter of Indemnity ("LOI") to DCL's agents, "Toll Global Forwarding / Baltrans Ocean Inc.", i.e. TGF Hong Kong and/or TGF China and DCL's agent in the U.S. namely Baltrans Ocean Inc (USA), providing that Defendant would indemnify them for any claims raised against them in relation to the cargo carried under bill of lading no. XMN090504, including claims for non-payment of the purchase price.

31. Plaintiffs released the cargo carried under bill of lading XMN090504 to Defendant upon receipt of the LOI.

32. However, upon information and belief, Defendant failed to pay Xiamen Wellink the amounts due for cargo carried under bill of lading XMN090504.

33. As a result, Xiamen Wellink has and/or will file a claim against DCL, Dragon Logistics, TGF Hong Kong and/or TGF China seeking to recover the amounts outstanding from Defendant for the subject shipments carried under bill of lading XMN090504.

34. Plaintiffs demanded that Defendant pay Xiamen Wellink all amounts due for the cargo carried under bill of lading XMN090504, however no payment was made to Xiamen Wellink in breach of the LOI.

35. In breach of the LOI, Defendant failed to pay the amounts due to Xiamen Wellink for the cargo carried under bill of lading XMN090504.

36. As a result of Defendant's breach of the LOI and/or its tortious actions, Plaintiffs have and/or will suffer damages and/or other losses including, but not limited to the purchase price of the cargo moving under bill of lading XMN090504, $19,800.00.

37. Defendant is liable to Plaintiffs for all damages incurred in relation to the defense of Xiamen Wellink's recovery efforts including, but not limited to, legal fees and expenses incurred in

relation to the defense of Xiamen Wellink's recovery efforts against DCL, TGF China and/or TGF Hong Kong in relation to the cargo carried under bill of lading XMN090504.  Defendant is also liable for all legal fees and costs incurred by Plaintiffs in seeking recovery of the above amounts from Defendant.

**WHEREFORE**, the Plaintiffs demand judgment against Defendant for all damages incurred by the Plaintiffs, in the amount of $19,800.00 plus attorneys' fees, interests, costs, and for such further relief as this Court deems proper.

## <u>COUNT III</u>

38.     The Plaintiffs incorporate by reference the above paragraphs numbered 1 through 7 of the Complaint as if fully restated herein and further states as follows:

39.     In early 2009, Defendant placed purchase orders for footwear with non-party, Tomson Enterprise Company Limited. ("Tomson"), which were to be shipped from Xiamen, PRC to Long Beach and Los Angeles, California.

40.     In May of 2009, in furtherance of Defendant's purchase orders under invoice numbers TE03702-2, TE03702-1, TE03702 and TE03705, Tomson consigned two shipments of footwear to DCL, via DCL's agent Dragon Logistics (Xiamen) Co., to be shipped from Xiamen and/or Ningbo, PRC to Long Beach and Los Angeles, California.

41.     The cargo was loaded on the designated vessel and two bills of lading were issued bearing numbers XMN090513 and NGBU0904069.

42.      On the bills of lading, Defendant was listed as the Notify Party and/or Consignee.

43.     Upon the cargo's arrival at the designated destination, Defendant issued a Letter of Indemnity ("LOI") to DCL's agents, "Toll Global Forwarding / Baltrans Ocean Inc. ". i.e. TGF Hong Kong and/or TGF China and DCL's agent in the U.S. namely Baltrans Ocean Inc (USA),

providing that Defendant would indemnify them for any claims raised against them in relation to the cargo carried under bills of lading numbers XMN090513 and NGBU0904069, including claims for non-payment of the purchase price.

44.     Plaintiffs released the cargo moving under bills of lading XMN090513 and NGBU0904069 upon receipt of the LOI.

45.     However, upon information and belief, Defendant failed to pay Tomson the amounts due for the cargo carried under bills of lading XMN090513 and NGBU0904069.

46.     As a result, Tomson has and/or will file a claim against DCL, Dragon Logistics, TGF China and/or TGF Hong Kong seeking to recover the amounts outstanding from Defendant for the subject shipments moving under bills of lading XMN090513 and NGBU0904069.

47.     Plaintiffs demanded that Defendant pay Tomson for the cargo carried under bills of lading XMN090513 and NGBU0904069, however no payment was made to Tomson in breach of the LOI.

48.     In breach of the LOI, Defendant failed to pay the amounts due to Tomson for the cargo carried under bills of lading XMN090513 and NGBU0904069.

49.     As a result of Defendant's breach of the LOI and/or its tortious actions Plaintiffs have and/or will suffer damages and/or other losses including, but not limited to, the purchase price of the cargo moving under bills of lading XMN090513 and NGBU0904069, $62,159.40.

50.     Defendant is liable to Plaintiffs for all damages incurred in relation to the defense of Tomson's recovery efforts including, but not limited to, legal fees and expenses incurred in relation to the defense of Thomson's recovery efforts against DCL, TGF China and/or TGF Hong Kong in relation to the cargo carried under XMN090513 and NGBU0904069.  Defendant is also liable for

all legal fees and costs incurred by Plaintiffs in seeking recovery of the above amounts from Defendant.

**WHEREFORE**, the Plaintiffs demand judgment against Defendant for all damages incurred by the Plaintiffs, in the amount of $62,159.40 plus attorneys' fees, interests, costs, and for such further relief as this Court deems proper.

<u>**COUNT IV**</u>

51.     The Plaintiffs incorporate by reference the above paragraphs numbered 1 through 7 of the Complaint as if fully restated herein and further states as follows:

52.     In early 2009, Defendant placed purchase order(s) for footwear with non-party, Fujian Jianyang Foreign Trade Co. ("Fujian"), which were to be shipped from Xiamen, PRC to Long Beach, California.

53.     In May of 2009, in furtherance of Defendant's purchase order(s), Fujian consigned a shipment of footwear to DCL, via DCL's agent Dragon Logistics (Xiamen) Co., to be shipped from Xiamen and/or Ningbo, PRC to Long Beach, California.

54.     The cargo was loaded on the designated vessel and a bill of lading was issued bearing number XMN090308C.

55.      On the bill of lading, Defendant was listed as the Notify Party and/or Consignee.

56.     The bill of lading further indicates that it was issued by Dragon Logistics "as agent for the carrier Dynamic Container Line."

57.     Upon the cargo's arrival as the designated destination, Defendant issued a Letter of Indemnity ("LOI") to DCL's agent, "Toll Global Forwarding / Baltrans Ocean Inc. ", i.e. TGF Hong Kong and/or TGF China and DCL's agent in the U.S. namely Baltrans Ocean Inc (USA), providing that Defendant would indemnify them for any claims raised against them in relation to the

cargo carried under bill of lading XMN090308C, including claims for non-payment of the purchase price.

58.     Plaintiffs released the cargo carried under bill of lading XMN090308C upon receipt of the LOI.

59.     However, upon information and belief, Defendant failed to pay Fujian the amounts due for the goods carried under bill of lading XMN090308C.

60.     As a direct result, Fujian filed an action against Dragon Logistics, TGF Hong Kong and/or TGF China in the in the Xiamen Court of the PRC seeking to recover the amounts outstanding from Defendant for the subject shipment(s) moving under bill of lading XMN090308C.

61.     Pursuant to the LOI, Plaintiffs demanded that Defendant pay Fujian, however no payment was made.

62.     In breach of the LOI, Defendant failed to pay the amounts due to Fujian for the cargo carried under bill of lading XMN090308C.

63.     As a result of Defendant's breach of the LOI and/or its tortious actions Plaintiffs have and/or will suffer damages and/or other losses including, but not limited to the purchase price of the cargo moving under bill of lading XMN090308C, $38,404.80, interest on that amount, and the attorney's fees and costs incurred in relation to the Chinese action filed by Fujian and the instant recovery action.

64.     Defendant is liable to Plaintiffs for all damages incurred in relation to the defense of Fujian's recovery efforts including, but not limited to, legal fees and expenses incurred in relation to the defense of recovery efforts against DCL, TGF China, and/or TGF Hong Kong in relation to the cargo carried. Defendant is also liable for all legal fees and costs incurred by Plaintiffs in seeking recovery of the above amounts from Defendant.

**WHEREFORE**, the Plaintiffs demand judgment against Defendant for all damages incurred by the Plaintiffs, in the amount of $38,404.80 plus attorneys' fees, interests, costs, and for such further relief as this Court deems proper.

Dated:  September 13, 2010

The Plaintiffs,
DYNAMIC CONTAINER LINE,
TOLL GLOBAL FORWARDING (CHINA)
LIMITED, TOLL GLOBAL FORWARDING
(HONG KONG) LIMITED,


By: /s/ David W. McCreadie
DAVID W. McCREADIE
Florida Bar No.: 308269
MICHAEL E. HALKITIS
Florida Bar No.: 0030342
LAU, LANE, PIEPER, CONLEY
& McCREADIE, P.A.
Wachovia Center, Suite 1700
100 South Ashley Drive
Tampa, Florida 33602
Tel:  813/229-2121
Fax:  813/228-7710
dmccreadie@laulane.com
mhalkitis@laulane.com

and

Patrick F. Lennon, Esq.
Lennon Murphy Caulfield & Phillips, LLC
The GrayBar Building
420 Lexington Ave, Suite 300
New York, NY 10170
Phone: (212) 490-6050
Fax:    (212) 490-6070702
Email: pfl@lmcplegal.com
Attorneys for the Plaintiffs